## The Pottsville Bank *v.* J. W. Cake, Appellant.

*Appeal from separate proceedings invalid.*

Two separate and independent proceedings may not be joined in one appeal.

*Appeal six months after judgment, too late.*

The regularity of proceedings resulting in a judgment cannot be inquired into on appeal taken more than six months after the rendition of the judgment.

*Landlord and tenant—Lease—Fraud and duress in obtaining same.*

Where a party is about to be turned out under a writ of habere facias possessionem a lease signed under an alternative of so doing or a refusal to suspend the execution cannot be said to have been procured by fraud or duress.

Argued Oct. 25, 1899.   Appeal, No. 158, Oct. T., 1899, by defendant, from judgment of C. P. Northumberland Co., Sept. T., 1898, No. 126, affirming judgment of the justice of the peace and from order of C. P. Northumberland Co., Sept. T.,

62          BANK *v.* CAKE.

Statement of Facts—Opinion of Court below.   [12 Pa. Superior Ct.

1899, No. 105, discharging rule to stay writ of habere facias possessionem. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Per Curiam.

Appeal from judgment of magistrate and rule to stay writ of habere facias possessionem. Before SAVIDGE, P. J.

It appears from the record of the two proceedings that on a judgment against J. Adam Cake, executor, and J. W. Cake, terre-tenant, the plaintiff served notice on the said J. W. Cake to quit the premises and upon failure to do so proceedings were instituted against him before a justice of the peace to oust him from possession. The justice entered judgment against defendant, assessed the damages, and defendant brought the case into the common pleas on certiorari. On December 8, 1898, the court below affirmed the judgment of the justice and on December 22, 1898, a writ of habere facias possessionem was issued; the sheriff being upon the premises of the defendant having served his writ, by agreement between the plaintiff and defendant the latter signed a lease to the plaintiff renting the property from it, the plaintiff, the writ of habere facias being stayed. After the term of the lease expired judgment was confessed against the defendant by agreement in an amicable action of ejectment and a writ of habere facias issued thereon in a proceeding upon the amicable action of ejectment. Thereupon a rule was taken to show cause why said judgment should not be set aside. Depositions were taken and the case argued, the court below filing the following opinion:

The judgment on which this writ issued was entered by confession in an amicable action of ejectment authorized by a lease between the parties for the premises in question.

The proceedings were begun, not because of default in the payment of the rent, but because the term had expired and there was no holding over or renewal of the lease.

The judgment in ejectment was undoubtedly regular and the plaintiff is entitled to its fruits.

It is claimed by the defendant that the lease was fraudulently procured through duress. The facts do not sustain this claim. The property had been sold by the sheriff as the property of

61, (1899).] Opinion of Court below—Opinion of the Court.

the defendant and deed delivered to the plaintiff. A writ of habere facias possessionem had issued under which plaintiff was put in possession, but before the return of the writ the defendant got back in. The writ was returned unexecuted, whereupon an alias issued and the sheriff was on the ground with this and about to turn the defendant out, when he signed the lease in question. Suppose the attorney did say that the sheriff would throw defendant out unless he made the lease. It was a threat but not duress. It was the sheriff's duty to do just what the attorney threatened. In mercy to him, the defendant was given the choice of signing the lease and remaining upon the premises through the winter. It is with ill grace that he complains of ill treatment such as this.

Besides he is a lawyer, knew the proceedings and was fully cognizant of his rights in the premises. We hardly think he considered the action of plaintiff's attorney duress at the time.

The rule is discharged at the costs of the defendant for whom an exception is noted and a bill sealed.

On August 2, 1899, a writ of certiorari from the Superior Court was taken in the proceedings which resulted in the affirmance of the judgment of the justice, being No. 126, September term, 1898. A certiorari was also filed from the Superior Court in the proceedings on the writ of amicable action of ejectment No. 105, September term, 1899, J. W. Cake being appellant in both cases.

*Errors assigned* were (1) in refusing to disturb the judgment of the justice of the peace. (2) In affirming the judgment of the justice of the peace. (3) In discharging the rule to set aside the proceedings. (4) In not making the rule absolute.

*J. W. Cake*, for appellant.

*C. B. Witmer*, for appellee.

PER CURIAM, December 11, 1899:

The first two assignments of errors relate to the action of the court below in certiorari proceedings which terminated in a judgment on December 8, 1898. The other two relate to the

action of the court in another case, in which judgment had been entered against the defendant upon a confession contained in a lease.

1. These two proceedings could not be brought up for review by one appeal. Moreover the judgment in the first mentioned case was entered more than six months before the appeal was taken. Therefore the regularity of the proceedings in that case could not be inquired into, even if the objection based on the attempt to join two separate and independent proceedings. in one appeal were disregarded.

2. The rule to show cause in the second proceeding (No. 105, September term, 1899), is not very clear in its terms. But treating it as a rule to show cause why the judgment, as well as the execution issued upon it, should not be set aside, and assuming, for present purposes, that the Act of May 20, 1891, P. L. 101, gave the defendant a right to appeal from the order discharging the rule, we find nothing in the record or in the evidence to justify a reversal. The judgment and execution were regular, and there was no such proof that the execution of the lease was procured by fraud or duress as would have justified the court in opening the judgment, much less in striking it off. All that need be said on that subject is contained in the opinion of the learned judge of the court below.

The order discharging the rule to show cause why the proceedings should not be set aside, etc., is affirmed, and the appeal. dismissed at the costs of the appellant.